STATE OF MAINE
Androscoggin, ss.

RECEIVED & FILED

AUG 0 3 2001
ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action
Docket No. CV-99-180
TEN-AND- 8/3/2001

THE SARAH FRYE HOME,
            Plaintiff

v.                                                          DECISION AND ORDER

THE SOCIETY OF THE SISTERS OF CHARITY,
LEWISTON, MAINE, and
ST. MARY'S REGIONAL MEDICAL CENTER,
            Defendants

## I. CASE STATUS

Before the court are the defendants' second Motion to Dismiss or for

Summary Judgment and plaintiff's Motion for Partial Summary Judgment.

Counsel for all parties appeared for oral argument and the court took the matter

under advisement. Based upon the record as presented, the court makes the

following findings.

## II. BACKGROUND

This case concerns a dispute between plaintiff The Sarah Frye Home ("SFH")

and defendants The Society of the Sisters of Charity ("SSC") and St. Mary's Regional

Medical Center ("SMRMC") over the parties' rights to certain real property located

on Pine Street in Lewiston where it joins with Sabattus Street. The lot of land is

located across the street from the hospital. SSC is a non-profit organization that has

operated the medical center (formally known as St. Mary's General Hospital) at the

premises since before 1952. SFH (originally known as The Sarah C. Frye Home for

Aged Women) is a non-profit corporation with a principal place of business in

1

Auburn, that operates and maintains a boarding home for the elderly. It was originally located in Lewiston. SFH claims that the subject premises has automatically vested in SFH pursuant to the Last Will and Testament of Edward M. Small.

### III. FACTS

Edward Small originally owned the property in question. Under Article Tenth of the will dated October 18, 1948, he provided for the disposition of the property upon his death.

> Tenth: I give bequeath and devise unto my said bother, HERBERT L. SMALL, . . . my homestead designated as #338 Pine Street in said Lewiston, consisting of buildings and lot of land, triangular in shape, . . . for and during the term of his natural life, . . . Upon the death of my said brother; or earlier upon his failure to carry out the conditions herein before expressed; or upon his notification to ST. MARY'S GENERAL HOSPITAL of Lewiston, Maine, that he does not care to retain the benefits thereon; or in the first instance if my said brother does not survive me; I give, bequeath and devise my said homestead onto said ST. MARY'S GENERAL HOSPITAL *on the condition that the same be accepted as a memorial for Mr. and Mrs. Edward Myrick Small, always be retained as unit of said hospital, and that the triangular part of said land from the intersection of Pine and Sabattus Streets to a line fifteen (15) feet from the building on the remainder of said land and parallel thereto, never be used for building purposes. In the event of violation of any of the foregoing conditions, the title to premises herein devised shall automatically revert to said SARAH C. FRYE HOME FOR AGED WOMEN.*

(Emphasis added)

Edward Small died testate on January 19, 1952. The will was allowed in Probate Court on February 1, 1952. At the time of his death, Edward Small owned a dwelling house and attached barn/garage on the land.

Herbert Small took possession of the property until his death on August 29, 1952. Following Herbert Small's death, pursuant to the terms of the will, SSC

2

entered into possession of the premises in 1952. SSC continued to possess said property until January 1, 1969, when it conveyed the premises by warranty deed to St. Mary's General Hospital.

In its amended complaint, SFH alleged that the defendants breached and violated the conditions imposed by Edward Small in two ways: First; in November, 1992, SSC and/or the Medical Center ceased to retain and use the premises as a unit of the hospital and allowed the premises to be used as a club known as the "Twelve Hour Club," a social club for recovering alcoholics; secondly, in November, 1996, SSC and/or the Medical Center wilfully and intentionally demolished the wooden farm house and garage on the premises, without notice to or the consent of SFH.

## IV. DISCUSSION

**A. Plaintiffs Motion for Partial Sumary Judgment.** Summary judgment is not appropriate as to SFH's motion because at genuine issues of material fact exist as to whether Edward Small intended to create a charitable trust: The characteristics of an express trust include an explicit declaration of the creation of a trust, clearly defined trust res, and an intent to create trust relationship. *See In re Brown*, 131 B.R. 900 (Bkrtcy.D.Me. 1991). The burden of establishing a trust lies on the party alleging it. *See Cazillis v. Ingraham*, 110 A. 359 (Me. 1920). With respect to charitable trusts, the Restatement provides:

> A charitable trust cannot be reached by a will unless the intention to create the trust can be ascertained
>> (a) from the will itself; or
>> (b) from an existing instrument properly incorporated in the will be reference; or

(c) from facts which have significance apart from their effect upon the disposition of the property devised or bequeathed by the will.

*Restatement (Second) of Trusts* § 358. On the record before the court, SFH has not met its burden of establishing that there was a trust as a matter of law.

Article Tenth, when read with other provisions in the will, does not evidence an intent to create a charitable trust. No trustee was appointed and neither SFH nor the personal representative treated Article Tenth as a trust. In addition, the language of the will bequests real property to a specific charity and not for a general charitable purpose. At the very least, there are genuine issues of material fact as to whether Edward Small had the intent to create a trust. Therefore, the court must deny SFH's motion for summary judgment.

**B. Defendants' Motion to Dismiss or for Summary Judgment.** The court ha previously denied a Motion to Dismiss based on the statute of limitations. The allegations of the amended complaint are sufficient to set out a timely cause of action. The court denies defendants' Motion for Summary Judgment because genuine issues of material fact exist as to the time of the alleged breaches. Relevant to this inquiry are the several statements of fact from defendants' Motion for Summary Judgment; including, but not limited to:

1. The Sisters made no provision for preserving the property as a memorial for Mr. and Mrs. Edward Small. DSMF ¶ 8.

Plaintiff disputes this by stating that a park bench had a memorial plaque on it as late as 1999. PSMF ¶ 8.

2. From 1975 until 1999 there was no plaque, picture, memorial or any other indication that the property was a memorial. DSMF ¶ 11.

4

Plaintiff disputes this on the same grounds as stated in PSMF ¶ 8. See also PSMF ¶ 11.

3. The property was never used as a unit of the Hospital from 1975 until the filing of the complaint. DSMF ¶ 12.

Plaintiff disputes this and claims that one room was used as a meeting room for the St. Mary's Hospital alcohol treatment program from 1992 to 1997 and for other purposes prior to that. PSMF ¶ 12.

These disputed facts create at least a genuine issue of material fact as to when St. Mary's allegedly breached the condition of the will that the premises be used for hospital purposes and when St. Mary's breached the will provision requiring that the hospital be maintained as a memorial. Summary judgment is not available.

**C. Defendants' Motion to Dismiss claim of negligence.** Plaintiff's amended complaint alleges a claim of negligence in Count IV; however, it does not allege that the Sisters or the hospital had a duty of due care towards the plaintiff, a necessary element of negligence. Count IV must be dismissed.

## VI. CONCLUSION

The clerk shall make the following enties as the Orders of the court:

1. Plaintiff's Motion for Partial Summary Judgment is denied.

2. Defendants' Motion for Summary Judgment is denied.

3. Defendants' Motion to Dismiss is granted as to Count IV of the Amended Complaint (negligence) but is otherwise denied.

So Ordered.

Dated: August 3, 2001

Thomas E. Delahanty II
Justice, Superior Court

5